UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-341-FDW

| | |
|---|---|
| CLAYTON D. SMITH, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| WELLS FARGO BANK, et al., | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court for initial review of the Complaint, (Doc. No. 1), and Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, (Doc. No. 2).

*Pro se* Plaintiff Clayton D. Smith brings this action against Wells Fargo and "Does 1 through 100" for fraud, misrepresentation, violation of the Federal Tort Claims Act, and equitable estoppel. (Doc. No. 1). He essentially claims that Wells Fargo wrongfully denied his applications to refinance his home under the 2012 National Mortgage Settlement and Home Affordability Modification Program, which has resulted in foreclosure proceedings.

The Court first considers Plaintiff's *in forma pauperis* application. (Doc. No. 2).

Federal courts can allow a litigant to prosecute or defend a civil action without paying the usual required fees if the litigant submits an affidavit containing a statement of the litigant's assets and demonstrating that he cannot afford to pay the required fees. 28 U.S.C. § 1915(a)(1). An impoverished plaintiff does not have to prove that he is "absolutely destitute to enjoy the benefit of the statute." Adkins v. E.I. Du Pont de Nemours & Co., 335 U.S. 331, 339 (1948). The individual

1

seeking to proceed *in forma pauperis* need only show indigence or poverty sufficient to demonstrate his inability to provide for the necessities of life while paying the costs of litigation. Id. at 339-40. If a court determines at any time that the allegation of poverty made in an *in forma pauperis* application is "untrue," then the court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(A).

Plaintiff's affidavit in support of the application shows that his monthly income totals $3,320. (Doc. No. 2 at 1). Plaintiff has $150 in cash and a total of $415 in bank accounts. (Doc. No. 2 at 2). No one relies on Plaintiff for support. (Doc. No. 2 at e). Plaintiff owns a home valued at $80,000, other real estate valued at $204,000, and a motor vehicle worth $6,000. (Doc. No. 2 at 3). His total monthly expenses total $1,407. (Doc. No. 2 at 5). Plaintiff does not expect any major changes to his income or expenses in the next 12 months. (Doc. No. 2 at 5).

The representations in Plaintiff's *in forma pauperis* affidavit reveal that Plaintiff has substantial assets and that his income exceeds his expenses by $1913 each month. Plaintiff has sufficient funds to pay the filing fee. The Court will therefore dismiss Plaintiff's Complaint without prejudice to his ability to re-file with payment of the filing fee. See, e.g., Emrit v. Bank of America, Inc., 566 Fed. Appx. 265 (4th Cir. 2014).

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, (Doc. No. 2), is **DENIED**.

2. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** without prejudice.

3. The Clerk is instructed to close this case.

Signed: January 5, 2018

Frank D. Whitney
Chief United States District Judge